J. STEPHEN STREET     1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:    jsstreet@ip-law-hawaii.com

DANE ANDERSON     9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:    (808) 285-4760
E-mail:    dane@andersonlawhawaii.com

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR, | CIVIL NO. 17-00290 |
| | (Copyright Infringement) |
| Plaintiff, | |
| | COMPLAINT FOR COPYRIGHT |
| vs. | INFRINGEMENTS AND DIGITAL |
| | MILLENNIUM COPYRIGHT ACT |
| HAWAIIAN SPRINGS, LLC, a | VIOLATIONS; EXHIBITS "A"-"B" |
| Delaware Limited Liability Company; | |
| JOHN DOES 1-10; JANE DOES 1-10; | |
| DOE CORPORATIONS 1-10; DOE | |
| PARTNERSHIPS 1-10; and DOE | |
| ASSOCIATIONS 1-10, | |
| | |
| Defendants. | |

# COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff VINCENT KHOURY TYLOR, by his attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for his complaint alleges as follows:

## PARTIES

1. Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") is a resident of the State of Hawaii.

2. Upon information and belief, Defendant HAWAIIAN SPRINGS, LLC ("Hawaiian Springs") is a Delaware limited liability company, registered in the State of Hawaii, with its principal place of business in Honolulu, Hawaii.

3. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff except, upon information and belief, that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendant who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the

actions or omissions of the named Defendant and/or were in some manner related to the named Defendant and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or his attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through, *inter alia*, interview of Plaintiff and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

4. This is an action for preliminary and permanent injunctive relief and damages arising from Hawaiian Springs's copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS

7. Hawaiian Springs manages and controls a commercial website, at https://www.hawaiianspringswater.com, where customers can view information on Hawaiian Springs's bottled water business and the products it offers to customers.

8. Hawaiian Springs manages and controls a commercial web page on social media website https://www.facebook.com ("Facebook"), at https://www.facebook.com/HawaiianSprings/, titled "Hawaiian Springs," to advertise and promote its business and products, and to encourage users of that Facebook commercial web page to navigate to, or click on provided hyperlinks to be directly routed to its commercial website, described in paragraph 7, which is linked to its Facebook page.  Hawaiian Springs's commercial page on Facebook has over 32,000 "like" clicks by users and over 30,000 "followers."

9. Each photographic work at issue in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and each photographic work at issue is duly registered with the United States Copyright Office.

10. The two (2) photographic works, image nos.: "M-11 7 Pools Waterfalls" and "K-20 Waimea Canyon", at issue in this case were created by Plaintiff, a professional photographer, who owns the copyrights to those works. The copyrights for those photographic works were registered with the United

States Copyright Office as <u>VA 1-696-555</u>, effective December 17, 2009, and supplemented by form <u>VA 1-432-741</u>, effective June 20, 2011, in the name of Plaintiff, who has exclusive rights and privileges in those photographic works under the United States Copyright Act.  True and correct copies of the Certificates of Registration that relate to those photographic works are attached hereto as Exhibit "A."

   11. None of the said photographic works was a "work for hire."

   12. Substantial time and expense was incurred in creating the photographic works at issue, and Plaintiff licenses those photographic works for commercial and other uses.

   13. Hawaiian Springs used the two (2) photographic works ("images") at issue, without obtaining licenses or consent from Plaintiff, for its commercial purposes on its commercial Facebook page, the page described in paragraph 8, as follows:

Image "**M-11 7 Pools Waterfalls**" was used at:

*Page URLs:*
https://www.facebook.com/HawaiianSprings/
https://www.facebook.com/HawaiianSprings/photos?ref=page_internal
https://www.facebook.com/HawaiianSprings/photos/a.140542489001.131779.103197149001/10150362499789002/?type=3
https://www.facebook.com/HawaiianSprings/photos/a.140542489001.131779.103197149001/10150362499789002/?type=3&theater
*Image URL:*
https://scontent-sjc2-1.xx.fbcdn.net/t31.0-8/334365_10150362499789002_1656528974_o.jpg   (1,600 x 1,200 pixels)

Image "**K-20 Waimea Canyon**" was used at:

*Page URLs:*
https://www.facebook.com/HawaiianSprings/
https://www.facebook.com/HawaiianSprings/photos?ref=page_internal
https://www.facebook.com/HawaiianSprings/photos/a.140542489001.131779.103197149001/481793034001/?type=3
https://www.facebook.com/HawaiianSprings/photos/a.140542489001.131779.103197149001/481793034001/?type=3&theater
*Image URL:*
https://scontent-sjc2-1.xx.fbcdn.net/v/t1.0-9/73532_481793034001_6525951_n.jpg?oh=cc76ff121173b9a32092458dafc775ae&oe=58279ADB     (392 x 264 pixels)

Hawaiian Springs used same or substantially similar copies of these photographic works without obtaining licenses or consent from Plaintiff, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*. True and correct copies of these photographic works at issue together with copies of screenshots representative of Hawaiian Springs's infringing uses of these photographic works at issue are attached hereto as Exhibit "B."

    14.    Plaintiff's two (2) copyrighted photographic works at issue that were created by him, where they are legitimately available for commercial licensing, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work at issue.

    15.    Upon information and belief, Hawaiian Springs intentionally

removed or altered Plaintiff's copyright management information from his photographic work "M-11 7 Pools Waterfalls" for Hawaiian Springs's commercial uses, as described herein, without Plaintiff's authority or the authority of the law, and/or Hawaiian Springs distributed copies of its infringing uses of that photographic work at issue, knowing that Plaintiff's copyright management information had been removed or altered without his authority or the authority of the law and knowing that it do not own the photographic work.  A true and correct copy of Plaintiff's photographic work "M-11 7 Pools Waterfalls" containing his copyright management information along with a copy of a screenshot of Hawaiian Springs's infringing use of that work with Plaintiff's copyright management information removed are shown in Exhibit "B."

      16.     Hawaiian Springs's infringing use of Plaintiff's photographic work "K-20 Waimea Canyon" contained his copyright management information and a thin, green border around the edge of the image (as shown in Exhibit B, attached hereto).  The thin green border framing the work matches the presentation of that work as it appears at Plaintiff's own licensing website, at https://www.hawaiianphotos.net.  The evidence demonstrates that Hawaiian Springs's disregarded Plaintiff's notice of copyright on that work, copied the work directly from Plaintiff's own licensing website, and that it acted willfully with respect to that copyright infringement, knowing that its commercial uses of that

photographic work without license or permission from Plaintiff would constitute copyright infringement.

17.   Hawaiian Springs's uses of Plaintiff's photographic works at issue on its commercial Facebook page, described herein, contributed to widespread distribution of those infringing uses. Copies of the uses at issue, when posted, were automatically distributed to the "followers" of its page for viewing and further distribution by those followers. Furthermore, users on Facebook could easily distribute those infringements among other users by clicking on "Like," and/or "Share buttons associated with those uses as they appeared on Hawaiian Springs's commercial Facebook page. Each "Like" or "share" action by a user caused those infringements to be distributed to other users and served to advertise Hawaiian Springs's business among other users. As shown in Exhibit "B," attached hereto, Hawaiian Springs's infringements at issue received numerous "like", "comment" and/or "share" actions by users, resulting in the infringements being widely distributed across social media.

18.   On August 8, 2016, Plaintiff gave notice to Hawaiian Springs of the copyright infringements and DMCA violations described herein, demanded that it cease and desist, and attempted to resolve the claims by requesting that it pay monetary damages for those infringements. On September 23, 2016, Plaintiff gave a second notice to Hawaiian Springs and attempted to resolve the claims by

requesting that it pay monetary damages for those infringements. Plaintiff's counsel further attempted to resolve the claims with counsel for Hawaiian Springs.

19. Plaintiff and Hawaiian Springs were unable to resolve this matter, thus necessitating legal action.

## FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENTS

20. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-19 as if fully stated herein.

21. Plaintiff has all rights, title, and interest in the copyrights to the photographic works at issue as holder and owner of the copyrights, the use of which has not been licensed to Hawaiian Springs.

22. Hawaiian Springs has misappropriated Plaintiff's copyrighted photographic works at issue with knowledge that the photographic works do not belong to Hawaiian Springs and that it did not have license or consent from Plaintiff; Hawaiian Springs thereby engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted photographic works by using a total of two (2) of Plaintiff's photographic works on its commercial Facebook pages, described herein, without obtaining licenses or consent from Plaintiff. Hawaiian Springs's acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* for which it is directly, contributorily, and/or vicariously liable, jointly, severally or in the alternative.

23. Hawaiian Springs's unlawful use of copies of Plaintiff's photographic works have diminished the value of the original photographic works by distributing and encouraging redistribution of those copies without identifying the photographic works as being the exclusive property of Plaintiff.

24. Hawaiian Springs's unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

25. Because Hawaiian Springs used Plaintiff's copyrighted photographic works without license or consent, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

26. As a direct and proximate result of Hawaiian Springs's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

27. Plaintiff is entitled to recover from Hawaiian Springs the damages he has sustained as a result of these wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Hawaiian Springs's acts of copyright infringement.

28. Plaintiff is further entitled to recover from Hawaiian Springs any gains, profits, or advantages Hawaiian Springs obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Hawaiian Springs has realized by its acts of copyright infringement.

29. Plaintiff is entitled to elect to recover from Hawaiian Springs statutory damages for each of its violations of Plaintiff's copyrights.

30. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION: DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

31. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-30 as if fully stated herein.

32. Hawaiian Springs intentionally removed or altered copyright management information from association with one (1) of Plaintiff's photographic works at issue for Hawaiian Springs's said uses, and/or distributed copies of that photographic work at issue knowing that Plaintiff's copyright management information had been removed or altered, without the authority of Plaintiff or the law, knowing, or having reasonable grounds to know, that the removal or

alteration, and/or distribution, would induce, enable, facilitate, or conceal infringement of copyright.

33. Hawaiian Springs's acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for which it is liable jointly, severally, or in the alternative.

34. Plaintiff is entitled to a preliminary and permanent injunction to prevent Hawaiian Springs from engaging in further violations of 17 U.S.C. § 1202.

35. Plaintiff is entitled to recover from Hawaiian Springs the actual damages suffered by him and any profits Hawaiian Springs has obtained as a result of its wrongful acts that are not taken into account in computing the actual damages. Plaintiff is currently unable to ascertain the full extent of the profits Hawaiian Springs has realized by its violations of 17 U.S.C. § 1202.

36. Plaintiff is entitled to elect to recover from Hawaiian Springs statutory damages for each of its violations of 17 U.S.C. § 1202.

37. Plaintiff is further entitled to costs and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A. That this Court enter an injunction preliminarily and permanently enjoining and restraining Hawaiian Springs and its directors, officers, managers, members, agents, servants, employees, attorneys, and all persons in active concert or participation with Hawaiian Springs from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the photographic works at issue, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C. That Hawaiian Springs be required to pay such damages as Plaintiff has sustained and any profits Hawaiian Springs has gained in consequence of Hawaiian Springs's unlawful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D. That Hawaiian Springs be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawaii, June 16, 2017.

                                                  /s/ J. Stephen Street  
                                                  J. STEPHEN STREET  
                                                  DANE ANDERSON  
                                                  Attorneys for Plaintiff  
                                                  VINCENT KHOURY TYLOR