708159.1
WATANABE ING LLP
A Limited Liability Law Partnership

SETH M. REISS          #2774-0
SUMMER H. KAIAWE  #9599-0
First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawaii 96813
Telephone:  (808) 544-8300
Facsimile:   (808) 544-8399
E-mails:     sreiss@wik.com
                   skaiawe@wik.com

Attorneys for Defendant
**HAWAIIAN SPRINGS, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN SPRINGS, LLC, a Delaware Limited Liability  Company; JOHN DOES 1-10;  JANE DOES 1-10; DOE CORPORATIONS 1- 10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO.  17-00290 HG-KJM (Copyright Infringement)<br><br>DEFENDANT HAWAIIAN SPRINGS, LLC'S **CONCISE STATEMENT OF FACTS IN OPPOSITION** TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT 63]; DECLARATION OF SETH M. REISS; DECLARATION OF MICHAEL MCMURDO; DECLARATION OF BREA AAMOTH; EXHIBIT "1"; AFFIDAVIT OF TAMIKO BROMS; EXHIBIT "1"; AFFIDAVIT OF MARGARET FUENTES; EXHIBIT "1"; EXHIBITS "A"-"D"; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE |

**HEARING:**
DATE: June 17, 2019
TIME: 10:30 AM
JUDGE: Honorable Helen Gillmor

NON-JURY TRIAL:
SEPTEMBER 24, 2019

## DEFENDANT HAWAIIAN SPRINGS, LLC'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant HAWAIIAN SPRINGS, LLC ("Defendant" or "Hawaiian Springs"), by and through its attorneys WATANABE ING LLP, hereby submits its LR 56.1 Separate and Concise Counter-Statement of Material Facts ("CSFO") in Opposition to Plaintiff's Motion for Partial Summary Judgment Against Defendant Hawaiian Springs, LLC filed April 24, 2019 (Dkt 63) (the "Motion").

For purposes of these "CSFO", the term "Images" refer to Tylor's three (3) photographs that are the subject of this action, sometimes referring to the photographs as used on Tylor's licensing website, and sometimes referring to the photographs as used on Hawaiian Springs' social media websites.

Attached to this CSFO are the Declaration of Seth M. Reiss (authenticating Exhibits "A", "C", "D"; Declaration of Michael McMurdo (authenticating Exhibit "B"); Declaration of Brea Aamoth, Exhibit "1"; Affidavit of Tamiko Broms, Exhibit "1"; and Affidavit of Margaret Fuentes, Exhibit "1".

2

The numbered paragraphs in the CSFO correlate with the numbered paragraphs in Tylor's Concise Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment (the "CSFO").

DATED: Honolulu, Hawaii, May 8, 2019.

/s/ Seth M. Reiss
SETH M. REISS, ESQ.
SUMMER H. KAIAWE, ESQ.
Attorneys for Defendant
**HAWAIIAN SPRINGS, LL**

|   | **Hawaiian Springs' ("HS") Response** | **Evidence** |
|---|---|---|
| 1. | <u>Admit.</u> These facts are in the exclusive possession of Tylor and HS does not anticipate adducing any contrary evidence. | |
| 2. | <u>Admit in Part.</u> These facts are in the exclusive possession of Tylor and HS does not anticipate adducing any contrary evidence.  HS objects to the use of the term "substantial" as subjective. | |
| 3. | <u>Admit.</u> These facts are in the exclusive possession of Tylor in regards to which HS has no contrary evidence and does not anticipate adducing any contrary evidence. | |
| 4. | <u>Neither Admit/Nor Deny.</u> HS has not yet had the opportunity to complete its discovery into these facts. | Declaration of Seth M. Reiss ("Reiss Decl.") at ¶¶ 6, 7, 8, 9, 10, 12, 13. |
| 5. | <u>Neither Admit/Nor Deny.</u> HS has not yet had the opportunity to complete its discovery into these facts. | Reiss Decl. ¶ 13. |
| 6. | <u>Neither Admit/Nor Deny.</u> HS has not yet had the opportunity to complete its discovery into these facts. | Reiss Decl. at ¶ 13. |
| 7. | <u>Admit in Part.</u>  HS admits the allegations of citizenship and residency as HS has no contrary evidence.  HS denies that the Images were first published in 2000 in the United States as HS has not yet had the opportunity to complete its discovery on this issue. | Reiss Decl. at ¶¶ 6, 7, 8, 9, 10, 12, 13 |
| 8. | <u>Admit in Part.</u> HS admits the Images were registered as recited but does not admit that the registration is valid.  HS has not yet had the opportunity to complete its discovery into the issue of the integrity of Copyright Registration Certificate VA 1-696-555. | Reiss Decl. at ¶ 14. |

| 9.  | Neither Admit/Nor Deny. HS has not yet had the opportunity to complete its discovery into these facts. | Reiss Dec. ¶ 14. |
|---|---|---|
| 10. | Admit. HS intends to conduct discovery into the integrity of Copyright Registration Certificate VA 1-696-555. | Reiss Dec. ¶ 14. |
| 11. | Admit. | |
| 12. | Admit in Part. HS admits that it had the recited number of followers at the time its answer was filed on August 15, 2017. | Hawaiian Springs' Answer to FAC [Dkt. 15, at 3, ¶¶ 8-9]. |
| 13. | Admit. | |
| 14. | Neither Admit/Nor Deny. HS has not yet had the opportunity to complete its discovery into these facts. HS objects to the phrase "all of which resulted in widespread distribution and substantial harm for which Plaintiff was not compensated" as conclusory and argument. | Reiss Decl. at ¶¶ 13, 18. |
| 15. | Neither Admit/Nor Deny. HS has not yet had the opportunity to complete its discovery into these facts. HS objects to the phrase "resulting in widespread distribution and substantial harm for which Plaintiff was not compensated" as conclusory and argument. | Reiss Decl. at ¶¶ 13, 18. |
| 16. | Admit. HS admits that it used the Images in the form shown in Exhibits "B" and "C" to the FAC. | |

| 17. | Admit. | |
|---|---|---|
| 18. | Admit. HS admits that it used the Images in the form shown in Exhibits "B" and "C" to the FAC. | |
| 19. | Admit. These facts are in the exclusive possession of Tylor in regards to which HS has no contrary evidence and does not anticipate adducing any contrary evidence. | |
| 20. | Deny. The Waimea Canyon image on HS' Facebook page was in a different condition compared with the Waimea Canyon image on Tylor's licensing website, indicating that it was not copied from Tylor's licensing website. | McMurdo Report, Exhibit "B" hereto, at 3. |
| 21. | Admit. Although HS has not yet completed its investigation and discovery, HS does not anticipate adducing any contrary evidence. | |
| 22. | Admit. | |
| 23. | Admit in Part/Deny in Part. HS admits it has not yet produced electronic evidence identifying its source(s) of the Images. HS did produce reproductions of the Images attached as Exhibits "B" and "C" to the FAC which HS' expert used to identify likely sources of the Images. | McMurdo Report, Exh. B, at 3. |

Additional Material Facts and Supporting Evidence

|     | **Hawaiian Springs' Additional Facts** | **Evidence** |
| --- | --- | --- |
| 24. | Hawaiian Springs manufactures and distributes bottled water sourced from an aquifer well on the Big Island. | Affidavit of Tamiko Broms ("Broms Aff."), at ¶ 3. |
| 25. | Hawaiian Springs has undergone significant structural, ownership and management changes during the period October 2011, when Hawaiian Springs is first alleged to have used Tylor's images without authorization, until now. | Broms Aff., at ¶ 3. |
| 26. | In 2010, Hawaiian Springs was owned and operated by an individual by the name of Rick Hadley. Rick Hadley died in or around September 2013. In July 2015, Rick Hadley's estate sold Hawaiian Springs to Laulima International, Inc. | Broms Aff., at ¶ 4. |
| 27. | From July 2015 through July 2017, Hawaiian Springs was operated by Al Kam and Fred Parr who together held a 15% share in the company. The majority 85% interest of Laulima International was held by John H. Yamamoto. | Broms Aff., at ¶¶ 4-5. |
| 28. | On December 29, 2017, Hawaiian Springs filed for Chapter 11 bankruptcy. On January 14, 2019, Hawaiian Springs emerged from bankruptcy after being purchased by Pemco, Ltd., a company currently owned by John H. Yamamoto's estate. | Broms Aff., at ¶ 5. |
| 29. | During the period the Seven Pools and Waimea Canyon images were posted to Hawaiian Springs' Facebook page, Hawaiian Springs' social media accounts were being managed by outside public relations vendors. | Affidavit of Margaret Fuentes ("Fuentes Aff."), at ¶ 5. |
| 30. | The Seven Pools and Waimea Canyon images were both sourced by, and posted to, Hawaiian Springs' Facebook page by one of the outside vendors retained at the time of their postings. Hawaiian Springs' employees did not source or post these two images. | Fuentes Aff., at ¶ 7. |
| 31. | Margaret Fuentes, the Hawaiian Springs' marketing director who supervised social media at the time of the images postings, assumed that the public relations professionals who posted content to Hawaiian Springs' social media accounts did so with all necessary permissions. | Fuentes Aff., at ¶ 7. |

4

| 32. | Ms. Fuentes did not learn that the images belonged to Tylor, and had been posted without Tylor's permission, until many years later, after she had left her employment with Hawaiian Springs. | Fuentes Aff., at ¶ 8. |
|---|---|---|
| 33. | The image posted to Hawaiian Springs' Pinterest page that incorporated Tylor's Akaka Falls image was created in or around April 2012 by Brea Aamoth. | Declaration of Brea Aamoth ("Aamoth Decl."), at ¶ 3. |
| 34. | Ms. Aamoth, a college student at the time, created the image as part of a homework assignment for an advertising class. | Aamoth Decl., at ¶ 3. |
| 35. | Hawaiian Springs' marketing director, Ms. Fuentes, came across the mock advertisement on Brea Aamoth's Pinterest page. | Fuentes Aff., at ¶ 8. |
| 36. | Ms. Fuentes re-pinned Ms. Aamoth's mock advertisement to Hawaiian Springs' Pinterest page consistent with her understanding of Pinterest's policies and practices. | Fuentes Aff., at ¶ 8. |
| 37. | Ms. Fuentes did not learn that the images belonged to Tylor, and had been used by Ms. Aamoth without Tylor's permission, until many years later, after Ms. Fuentes had left her employment with Hawaiian Springs. | Fuentes Aff., at ¶ 9. |
| 39. | Hawaiian Springs retained expert Michael McMurdo of Cetra Technology to, *inter alia*, determine how the three Tylor images were obtained by Hawaiian Springs. | Declaration of Michael McMurdo; McMurdo Report, Exh. B at 1. |
| 40. | Mr. McMurdo concluded that: the Seven Pools image was most likely taken from an April 13, 2008 post on a "free wallpaper" site called PortaleClaufont; the Waimea Canyon image was most likely taken from a third party site, other than Tylor's licensing site, that no longer exists on the Internet; and the Akaka Falls image was also most likely taken from a third party website other than Tylor's commercial site. | Exh. B, McMurdo Report, at 2-3. |
| 41. | The Waimea Canyon image on Hawaiian Springs' Facebook page had undergone transformations relative to the same image on Tylor's licensing website, making Tylor's licensing website an unlikely immediate source of the photo. | Exh. B, McMurdo Report, at 3. |

5

| 42. | Tylor is aware that unauthorized copies of his images can be found throughout the Internet. | Tylor's Response to Interrogatory 13, Defendant Hawaiian Springs First Request for Answers to Interrogatories from Vincent Khoury Tylor, Exhibit "D" hereto. |
|---|---|---|
| 43. | Following the lifting of the bankruptcy stay, on August 13, 2018, and the withdrawal and substitution of Hawaiian Springs' counsel on January 10, 2019, the parties have diligently engaged in discovery. Written discovery has been exchanged and depositions scheduled but not yet taken. | Reiss Decl. at ¶ 6. |
| 44. | Hawaiian Springs requested that Tylor continue the deadline for Hawaiian Springs to file its opposition to Tylor's motion so that Hawaiian Springs could complete its discovery regarding the integrity of Tylor's copyright registration. Tylor refused. | Reiss Decl. at ¶ 12. |
| 45. | Hawaiian Springs has not had the opportunity to investigate the circumstances of Tylor's copyright registration application and, thereby, the integrity of the Tylor's registration. | Reiss Decl. at ¶ 13. |

DATED: Honolulu, Hawaii, May 8, 2019.

/s/ Seth M. Reiss
SETH M. REISS, ESQ.
SUMMER H. KAIAWE, ESQ.
Attorneys for Defendant
**HAWAIIAN SPRINGS, LLC**