IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>         Plaintiff,<br>   vs.<br><br>HAWAIIAN SPRINGS, LLC, a Delaware Limited Liability Company,<br><br>         Defendant. | CIVIL NO. 17-00290 HG-KJM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HAWAIIAN SPRINGS, LLC'S MOTION TO COMPEL DISCOVERY |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
HAWAIIAN SPRINGS, LLC'S MOTION TO COMPEL DISCOVERY

The Court has reviewed the written submissions and considered the comments of counsel, and based thereon GRANTS IN PART AND DENIES IN PART DEFENDANT HAWAIIAN SPRINGS, LLC'S MOTION TO COMPEL DISCOVERY as follows:

Scope of Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure ("FRCP") was amended on December 1, 2015. The amended rule defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any

>       party's claim or defense and proportional to
>       the needs of the case, considering the
>       importance of the issues at stake in the
>       action, the amount in controversy, the party's
>       access to relevant information, the party's
>       resources, the importance of the discovery in
>       resolving the issues, and whether the burden
>       and expense of the proposed discovery outweighs
>       its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Thus, to be discoverable, information must first be "relevant to any party's claim or defense." *Id.* A matter is relevant if it "reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). District courts have broad discretion to determine relevancy for the purpose of granting or denying discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Because discovery rules "should be construed to secure the just, speedy, and inexpensive determination of every action . . . judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

The December 1, 2015 amendment to FRCP 26 also added proportionality as a prerequisite for obtaining discovery.  That is, relevancy alone is insufficient to obtain discovery.  When addressing proportionality, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

The Advisory Committee Notes explain that "[r]estoring the proportionality calculation to Rule 26(b)(1) . . . does not place on the party seeking discovery the burden of addressing all proportionality considerations.  Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).  Rather, "[t]he parties and the court have

a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.* "[B]oth parties share the responsibility of explaining their positions regarding the proportionality factors." *Lopez v. United States*, Case No. 15-CV-180-JAH (WVG), 2017 WL 1062581, at *5 (S.D. Cal. Mar. 21, 2017). Ultimately, "[t]he court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).

The Court addresses the three disputed areas of discovery below.

**A. Gross revenues collected from third party claims for copyright infringement.**

Hawaiian Springs, LLC ("Hawaiian Springs") seeks to compel a response from Plaintiff Vincent Tylor ("Plaintiff") to Interrogatory 3(b), which seeks, from 2010 to 2018, the "[a]mount of gross revenues collected

4

from third party claims for copyright infringement of your photos and alteration or deletion of [copyright management information ["CMI"]."  The Court finds that Hawaiian Springs has made an insufficient showing that gross revenues from other lawsuits are relevant to liability or damages in this case.

Hawaiian Springs claims that litigation revenues are relevant to the commercial value of the three images at issue, but Hawaiian Springs cites no support for this argument.  In the Court's view, the settlement value of a different lawsuit – which concerns a different defendant, possibly different images, and unique case-specific circumstances – has no bearing on the commercial value of the images at issue here.  Absent a mini-trial regarding each of those lawsuits (which were settled confidentially), the Court cannot identify any reliable correlation between those settlements and the commercial value of the images in this case.  The Motion is therefore denied as to Interrogatory 3(b).

**B.  Identification of Third-Party websites of which Plaintiff is aware that exhibit or previously exhibited unauthorized copies of the photographs that Hawaiian Springs is accused of infringing.**

Hawaiian Springs' Interrogatory 13, as initially drafted, sought third-party website information for all of Plaintiff's photographs going back nine years. The Court views this request as overbroad and disproportionate to the needs of this case. As narrowed during the meet and confer process, however, the revised request (as set forth on page 9 of Hawaiian Springs' memorandum in support of its motion), is not problematic. Now Hawaiian Springs seeks:

> each website of which [Plaintiff] is aware or has a record of, that display or displayed any of the three Images, during the period of [Hawaiian Springs]' alleged infringement, without CMI or other indication that the photo is the [sic] subject to a claim of copyright and, to the extent Plaintiff knows or can ascertain from his own records, the dates such website was accessible.

The Court finds that, as revised, Interrogatory 13 seeks information that is relevant and proportionate to the needs of this case. Plaintiff has already produced

1,900 pages of documents as a response to this interrogatory.  At this point, Plaintiff need only confirm in writing that he has no other responsive information, or, if he does, produce it.

Plaintiff's argument that confidential settlement agreements preclude identifying these web pages misses the mark.  Plaintiff is responding to the interrogatory by producing URLs or screenshots of once-public web pages.  No subsequent settlement agreement can make the URL or screenshot of a once public web page confidential.

Moreover, if Plaintiff has in fact reached other settlements concerning these same images, Hawaiian Springs is certainly entitled to, at a minimum, information regarding the other allegedly infringing web pages.  Plaintiff specifically alleges that Hawaiian Springs' misuse of his photographs caused widespread internet distribution and re-distribution of these images:

> Hawaiian Springs's uses of Plaintiff's
> photographic works at issue on its commercial

>  Facebook page, described herein, contributed to widespread distribution of those infringing uses. Copies of the uses at issue, when posted, were automatically distributed to the "followers" of its page for viewing and further distribution by those followers. Furthermore, users on Facebook could easily distribute those infringements among other users by clicking on "Like," and/or "Share buttons associated with those uses as they appeared on Hawaiian Springs's commercial Facebook page. Each "Like" or "share" action by a user caused those infringements to be distributed to other users and served to advertise Hawaiian Springs's business among other users.  As shown in Exhibit "B," attached hereto, Hawaiian Springs's infringements at issue received numerous "like", "comment" and/or "share" actions by users, resulting in the infringements being widely distributed across social media.

Complaint, ECF No.1, at ¶ 17.

Plaintiff cannot allege that Hawaiian Springs caused "further distribution by [its] followers . . . resulting in the infringements being widely distributed across social media" yet refuse to produce any and all information it has (and will need to introduce at trial) supporting such an allegation.  The Motion is granted as to revised Interrogatory 13.

**C.  Access to confidential documents by Hawaiian Springs' insurer.**

Hawaiian Springs seeks an order permitting its unidentified insurance carrier to have access to confidential information, as designated pursuant to the Stipulated Protective Order.  Hawaiian Springs offers no legal support for its proposition that a non-party insurer be permitted access to confidential information covered by a Stipulated Protective Order.  Rather, Hawaiian Springs simply argues that its insurer needs such information because it will be obligated to satisfy any judgment in this case.

This insurer is not a party to this lawsuit, and as such it is not entitled to information designated confidential pursuant to the Stipulated Protective Order.  Moreover, where this insurer has refused to engage in settlement discussions from the outset, any argument that it needs access to confidential information to evaluate this case rings hollow.  The Motion is denied as to Hawaiian Springs' request that

its insurer be permitted access to confidential information.

## Conclusion

The Court GRANTS IN PART AND DENIES IN PART DEFENDANT HAWAIIAN SPRINGS, LLC'S MOTION TO COMPEL DISCOVERY as set forth above.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, May 17, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

CIVIL NO. 17-00290-HG-KJM; *Tylor v. Hawaiian Springs*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HAWAIIAN SPRINGS, LLC'S MOTION TO COMPEL DISCOVERY