IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VINCENT KHOURY TYLOR, | ) | Civ. No. 17-00290 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN SPRINGS, LLC; JOHN | ) | |
| DOES 1-10; JANE DOES 1-10; DOE | ) | |
| CORPORATIONS 1-10; DOE | ) | |
| PARTNERSHIPS 1-10; and DOE | ) | |
| ASSOCIATIONS 1-10, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT HAWAIIAN SPRINGS, LLC (ECF No. 63)**

Plaintiff Vincent Khoury Tylor is a professional photographer who specializes in photography of Hawaiian landscapes.  He conducts a business selling and licensing his copyrighted photographic works.  Plaintiff operates a website where he displays his images and customers can obtain information on licensing and prices.

This dispute concerns three of the Plaintiff's copyrighted images:

(1)  M-11 7 Pools Waterfalls ("7 Pools Image")

(2)  B-07 Akaka Falls Hor ("Akaka Falls Image"); and,

(3)  K-20 Waimea Canyon ("Waimea Canyon Image").

First, as to the 7 Pools Image, Plaintiff claims that Defendant Hawaiian Springs, LLC used the Image on its commercial Facebook page without his authorization.

Second, as to the Akaka Falls Image, Plaintiff alleges that Defendant Hawaiian Springs, LLC used the Image on its commercial Pinterest web page without his authorization.

Third, as to the Waimea Canyon Image, Plaintiff claims that Defendant Hawaiian Springs, LLC used the Image on its commercial Facebook page without his authorization. Plaintiff also alleges the use of the Waimea Canyon Image was "willful" infringement.

Plaintiff filed a Motion for Partial Summary Judgment. Plaintiff seeks judgment in its favor as to Defendant Hawaiian Springs, LLC's liability for copyright infringement for its unauthorized use of the three Images. Plaintiff also seeks summary judgment as to its claim for willful infringement as to Defendant's use of the Waimea Canyon Image.

Defendant Hawaiian Springs, LLC opposes the Motion. Defendant specifically claims there are questions of fact as to whether its use of the Waimea Canyon Image was willful and as to whether its use of the Akaka Falls Image is subject to fair use.

Plaintiff's Motion for Partial Summary Judgment Against Defendant Hawaiian Springs, LLC (ECF No. 63) is **GRANTED, IN PART, AND DENIED, IN PART**.

## PROCEDURAL HISTORY

On June 16, 2017, Plaintiff filed the Complaint. (ECF No. 1).

On July 20, 2017, Plaintiff filed the FIRST AMENDED COMPLAINT. (ECF No. 10).

On January 8, 2018, Defendant Hawaiian Springs, LLC filed a NOTICE OF AUTOMATIC STAY. (ECF No. 31). The Automatic Stay was issued pending the voluntary petition under Chapter 11, In Re Hawaiian Springs, LLC, Bk. No. 17-01348, pending in the United States Bankruptcy Court for the District of Hawaii.

On May 15, 2018, Plaintiff filed a NOTICE OF STIPULATION AND ORDER GRANTING RELIEF FROM AUTOMATIC STAY. (ECF No. 33).

On August 28, 2018, Plaintiff filed NOTICE OF SECOND STIPULATION AND ORDER GRANTING RELIEF FROM AUTOMATIC STAY. (ECF No. 36).

On April 23, 2019, Defendant filed a Motion to Compel Discovery. (ECF No. 60).

On April 24, 2019, Plaintiff filed MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT HAWAIIAN SPRINGS, LLC and a Concise Statement of Facts. (ECF Nos. 63, 64).

On May 8, 2019, Defendant filed DEFENDANT HAWAIIAN SPRINGS, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT and a Concise Statement of Facts. (ECF Nos. 78, 79).

On May 16, 2019, the District Court Judge held a Status Conference. (ECF No. 83).

On May 17, 2019, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HAWAIIAN SPRINGS, LLC'S MOTION TO COMPEL DISCOVERY. (ECF No. 87).

On May 22, 2019, Plaintiff filed his REPLY. (ECF No. 89).

On June 17, 2019, the District Court Judge held a hearing on Plaintiff's Motion for Partial Summary Judgment.

## **BACKGROUND**

**The Parties do not dispute the following facts:**

Plaintiff Vincent Khoury Tylor is a professional photographer who specializes in photography of Hawaiian landscapes. (Declaration of Vincent Khoury Tylor ("Tylor Decl.") at ¶ 3, ECF No. 64-1).

Plaintiff operates a licensing website where customers can view his images and obtain information on licenses and prices. (Id. at 5-7; Website Photographs attached as Ex. D to Pla.'s Concise Statement, ECF No. 64-6; website available at www.hawaiianphotos.net, last visited 6/14/19).

There are three images relevant to this dispute.

The three images were created by the Plaintiff:

(1)  M-11 7 Pools Waterfalls ("7 Pools Image")

(2)  B-07 Akaka Falls Hor ("Akaka Falls Image"); and,

(3)  K-20 Waimea Canyon ("Waimea Canyon Image").

(Ex. A, Certificate of Registration with the United States Copyright Office, at p. 8, ECF No. 64-3).

The three Images were registered with the United States Copyright Office and a Certificate of Registration Number VA 1-696-555, was issued, with an effective date of December 17, 2009, supplemented by form VA 1-432-741, with an effective date of June 20, 2011.[1] (Tylor Decl. at ¶ 13, ECF No. 64-1; Ex. A, Certificate of Registration with the United States Copyright Office, ECF No. 64-3).

Defendant Hawaiian Springs, LLC maintains a commercial Facebook page that has more than 30,000 followers. (Ex. B, Screen Shots of Hawaiian Springs Facebook page, ECF No. 64-4).

Defendant Hawaiian Springs, LLC also maintains a commercial Pinterest page with numerous followers. (Ex. C, Screen Shots of Hawaiian Springs Pinterest page, ECF No. 64-5).

**Use of Plaintiff's <u>7 Pools Image</u> On Defendant's Commercial Facebook Page**

On July 2, 2015, Plaintiff discovered that Defendant Hawaiian Springs, LLC had been using a copy of his 7 Pools Image

---

[1] Defendant Hawaiian Springs, LLC states in its Concise Statement of Facts in Opposition that it neither admits nor denies that Plaintiff has a valid copyright to the Images. At the Status Conference on May 16, 2019, the Court explained to the Defendant that this position in its Concise Statement was deficient. The Defendant did not file a Motion pursuant to Federal Rule of Civil Procedure 56(d). The Court ruled the Defendant did not set forth sufficient reasons to defer consideration of the Plaintiff's Motion for Partial Summary Judgment.

on its commercial Facebook page since September 16, 2011. (Def.'s Facebook Page Displaying 7 Pools Image, Ex. B at pp. 3-8, ECF No. 64-4; Tylor Decl. at ¶¶ 15-16, ECF No. 64-1). The Image was posted on Defendant's commercial Facebook page that advertised Defendant's bottled water products. (Tylor Decl. at ¶ 16, ECF No. 64).

Defendant Hawaiian Springs, LLC admitted in its First Amended Response to Plaintiff's First Request For Admissions that it used a copy of Plaintiff's 7 Pools Image on its commercial Facebook page. (Def.'s Admission at p. 3, Ex. F, ECF No. 64-8).

**Use of Plaintiff's <u>Akaka Falls Image</u> On Defendant's Commercial Pinterest Page**

On July 18, 2017, Plaintiff discovered that Defendant Hawaiian Springs, LLC had been using a copy of his Akaka Falls Image on its commercial Pinterest page. (Def.'s Pinterest Page, Ex. C, ECF No. 64-5; Tylor Decl. at ¶¶ 18-21, ECF No. 64-1).

Defendant submitted the Declaration of Brea Aamoth. Ms. Aamoth states that she used Plaintiff's Akaka Falls Image for a homework assignment in college where she created a mock advertisement for Hawaiian Springs' bottled water products. (Declaration of Brea Aamoth ("Aamoth Decl.") at ¶ 3, ECF No. 79-3). Ms. Aamoth states that she was not employee of Defendant Hawaiian Springs, LLC. She posted her mock advertisement to her personal Pinterest page. (<u>Id.</u>)

Margaret Fuentes, the former Marketing Director for
Defendant Hawaiian Springs, LLC, states that she saw Ms. Aamoth's
mock advertisement on Pinterest that included Plaintiff's Akaka
Falls Image.  (Declaration of Margaret Fuentes ("Fuentes Decl.")
at ¶ 8, ECF No. 79-5).  Ms. Fuentes "re-pinned the image to
Hawaiian Springs' Pinterest page." (Id.)

Defendant Hawaiian Springs, LLC admitted in its First
Amended Response to Plaintiff's First Request For Admissions that
it used a copy of Plaintiff's Akaka Falls Image on its commercial
Facebook page.  (Def.'s Admission at p. 3, Ex. F, ECF No. 64-8).

**Use of Plaintiff's <u>Waimea Canyon Image</u> On Defendant's Commercial
Facebook Page**

On July 2, 2015, Plaintiff discovered that Defendant
Hawaiian Springs, LLC had been using a copy of his Waimea Canyon
Image on its commercial Facebook page since October 22, 2010.
(Def.'s Facebook Page Displaying Waimea Canyon Image, Ex. B at
pp. 9-13, ECF No. 64-4; Tylor Decl. at ¶¶ 15, 17, ECF No. 64-1).

The copy of Plaintiff's Waimea Canyon Image used on
Defendant's commercial Facebook page had Plaintiff's copyright
management information still on the Image.  The copyright
management information in the form of Plaintiff's signature was
located in the bottom right corner of the copyrighted Image.
(Tylor Decl. at ¶ 23, ECF No. 64-1).  The copy of Plaintiff's
Waimea Canyon Image on Defendant's commercial Facebook page

maintained his signature and added a thin, green border to the
Copyrighted Image.  (Id.)

Defendant Hawaiian Springs, LLC admitted in its First
Amended Response to Plaintiff's First Request For Admissions that
it used a copy of Plaintiff's Waimea Canyon Image on its
commercial Facebook page.  (Def.'s Admission at p. 3, Ex. F, ECF
No. 64-8).

On August 8, 2016, Plaintiff sent a cease and desist letter
to Defendant to take down the posts using his copyrighted Images.

Defendant Hawaiian Springs, LLC admits that it removed the
Images from its Facebook and Pinterest pages after being notified
by Plaintiff.  (Pla.'s CSF at ¶ 18, ECF No. 64; Def.'s CSF at ¶
18, ECF No. 79).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine
issue as to any material fact and the moving party is entitled to
judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To defeat
summary judgment there must be sufficient evidence that a
reasonable jury could return a verdict for the nonmoving party.
Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir.
1997).

The moving party has the initial burden of "identifying for
the court the portions of the materials on file that it believes
demonstrate the absence of any genuine issue of material fact."
T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809

F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  <u>Celotex</u>, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  <u>Id.</u>

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Brinson v. Linda Rose Joint Venture</u>, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  <u>State Farm Fire & Casualty Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery,

and matters judicially noticed.  Fed. R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); <u>T.W. Elec. Serv.</u>, 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir. 1994).  When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.  <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993); <u>see also</u> <u>National Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

## I.    Copyright Infringement

To establish liability for copyright infringement, a plaintiff must demonstrate: (1) ownership of a valid copyright; and (2) the unauthorized copying of constituent elements of the original copyrighted work.  <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.</u>, 499 U.S. 340, 361 (1991).

### A.    Ownership Of A Valid Copyright

#### 1.    Original Work

To qualify for copyright protection, a work must be "original" in that it must have been independently created by the

author and must possess at least some degree of creativity. Feist Publ'ns, Inc., 499 U.S. at 345.

Plaintiff set forth in his Declaration that the three Images at issue are original works created by him. (Tylor Decl. at ¶ 10, ECF No. 64-1). Plaintiff explains that the Images were created using his photography equipment at each of the scenic locations and his choosing the camera settings, angle, lighting, and perspective to capture the Images. (Id.)

The Ninth Circuit Court of Appeals has long held that photographs are entitled to copyright protection. Monge v. Maya Magazines, Inc., 688 F.3d 1164, 1177 (9th Cir. 2012); Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1077 (9th Cir. 2000).

The three Images at issue are original works that are subject to copyright protection.

## 2. Copyright Registration

### a. Plaintiff Registered The Three Images

A plaintiff must also demonstrate that he has a valid copyright registration in order to bring an infringement claim. 17 U.S.C. § 411(a).

Plaintiff was issued a Certificate of Registration from the U.S. Copyright Office for the three Images at issue: (1) 7 Pools Image; (2) Akaka Falls Image; and (3) Waimea Canyon Image. (Ex. A, Certificate of Registration with the United States Copyright Office, at p. 8, ECF No. 64-3).

A registration certificate issued within five years of first publication is prima facie evidence that a copyright is valid. 17 U.S.C. § 410(c). In this case, the registration occurred in 2009, more than five years after the date the Images were first published in 2000. (Ex. A, Certificate of Registration with the United States Copyright Office, ECF No. 65-3).

The Certificate of Registration is still entitled to significant weight when the registration is obtained more than five years after publication. 17 U.S.C. § 410(c); Morris v. Young, 925 F.Supp.2d 1078, 1083 (C.D. Cal. 2013).

Plaintiff sets forth in his Declaration, as follows:

> The copyrights for the Images described in paragraph 10 were registered in my name with the United States Copyright Office as (1) VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011. My wife assisted me, under my direction, with the filing of the application and consulted with the U.S. Copyright Office and followed and relied on its guidance in filing the on-line application for the Images.

(Tylor Decl. at ¶ 13, ECF No. 64-1).

Plaintiff explains that he followed the statutory requirements to obtain a valid registration and is and was a United States citizen and resident of Hawaii when he first published the Images in 2000 in the United States. (Tylor Decl. at ¶ 12, ECF No. 64-1). Plaintiff obtained the Certificates of Registration from the U.S. Copyright Office for the Images, which are specifically referenced in the Registration. (Ex. A at pp. 4, 6, ECF No. 64-3).

Plaintiff has established that the Images are subject to protection pursuant to the Copyright Act, 17 U.S.C. § 104(b).

### b. Defendant Has Not Provided Any Evidence To Dispute Plaintiff's Valid Copyright Registration

Defendant has not put forward any evidence to dispute the validity of Plaintiff's copyright registration of the three Images. Defendant states in its Opposition that it has not conducted any discovery into Plaintiff's ownership of the copyright. Defendant has not demonstrated that it has been diligent in defending this case.

This case began more than two years ago. Plaintiff filed the Complaint in this case on June 16, 2017. (ECF No. 1). Defendant was served with the Complaint on June 26, 2017. (Summons Returned Executed, ECF No. 8).

Six months later, on December 29, 2017, Defendant filed a Voluntary Bankruptcy Petition pursuant to Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Hawaii. In Hawaiian Springs, LLC, Bk. No. 17-01348.

On January 8, 2018, Defendant filed Notice of an Automatic Stay of the proceedings in this case due to its ongoing bankruptcy proceedings pursuant to 11 U.S.C. § 362(a). (Notice of Automatic Stay, ECF No. 31).

On March 27, 2018, the United States Bankruptcy Court issued a STIPULATION AND ORDER GRANTING RELIEF FROM AUTOMATIC STAY. (ECF No. 33-1). The Bankruptcy Court partially lifted the

automatic stay pursuant to 11 U.S.C. § 362(a) to allow the
Parties to attempt to settle this case "up to the limits of the
Debtor's insurance coverage." (Id. at p. 2)

On August 13, 2018, the United States Bankruptcy Court
issued a SECOND STIPULATED ORDER GRANTING RELIEF FROM AUTOMATIC
STAY. (ECF No. 36-1). The Bankruptcy Court partially lifted the
automatic stay pursuant to 11 U.S.C. § 362(a). The Bankruptcy
Court stated that as of August 31, 2018, the Parties are
permitted to litigate the claims of this case, as follows:

> A. Tylor shall be allowed to proceed against
> Debtor for the purpose of seeking recovery
> from any insurance coverage that may be
> available to satisfy the claims in the Tylor
> Lawsuit against Debtor and Debtor's Estate;
>
> B. Tylor's recovery, if any, shall be expressly
> limited to that which is recovered from any
> insurance coverage applicable under the
> circumstances;
>
> C. Tylor shall be expressly precluded from
> seeking to collect or enforce any judgment
> against Debtor or Debtor's Estate to the
> extent that such judgment exceeds payments
> received from the insurance carrier; and
>
> D. Tylor expressly waives any and all right of
> recovery from Debtor's Estate under 11 U.S.C.
> Section 502, et. seq.

(ECF No. 36-1).

On August 17, 2018, the Magistrate Judge held a Rule 16
Scheduling Conference and issued the Scheduling Order. (ECF Nos.
38, 39).

On December 11, 2019, Plaintiff served Defendant with its
First Request for Production of Documents, First Request for

Admissions, and First request for Answers to Interrogatories. (ECF Nos. 40, 41, 42).

Defendant's responses to Plaintiff's Request For Admissions were incomplete. (Def.'s Admission at p. 3, attached as Ex. F to Pla.'s CSF, ECF No. 64-8).

On January 10, 2019, Defendant changed its counsel. (ECF No. 48).

It was not until after new counsel was substituted into the case that Defendant first served Plaintiff with any discovery requests.

On January 29, 2019, more than nineteen months after proceedings commenced, Defendant served its first discovery requests on the Plaintiff. (ECF No. 55).

It was not until four months later, on May 9, 2019, Defendant asserted in its Opposition to Plaintiff's Motion for Partial Summary Judgment that it wished to conduct discovery into Plaintiff's ownership of the copyrights in this case. (Def.'s Opp, ECF No. 80).

On May 16, 2019, the Court held a status conference. Defendant did not file a Motion pursuant to Federal Rule of Civil Procedure 56(d). Defendant did not submit an affidavit or declaration that specifies the reasons that, after 19 months, it is unable to present facts essential to justify opposition. Defendant did not explain any reason why it failed to make any discovery requests until January 29, 2019.

Defendant did not present any reason why it failed to conduct a deposition of the Plaintiff. Plaintiff filed its Notice of Taking Deposition of Plaintiff on April 26, 2019, two days after the dispositive motions deadline had already passed. (Reply at p. 13, ECF No. 89).

Defendant has not provided the Court with a basis for deferring ruling on Plaintiff's Motion for Partial Summary Judgment. (Minutes from Hearing on May 16, 2019, ECF No. 83). Defendant has not presented any facts that challenge the validity of Plaintiff's ownership of the three Images and his valid copyright registrations.

The Court finds that no material dispute of fact exists as to Plaintiff's ownership of a valid copyright for the three Images. Morris, 925 F.Supp.2d at 1083.

**B.    Unauthorized Copying**

A plaintiff must show "copying" of a protected work to prove copyright infringement. Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 984-85 (9th Cir. 2017). Copying includes the display of copyrighted pictorial works publicly without authorization. 17 U.S.C. § 106.

If there is no direct evidence of copying, a plaintiff may prove this element through circumstantial evidence that (1) the defendant had access to the copyrighted work prior to the creation of defendant's work and (2) there is substantial

similarity of the general ideas and expression between the copyrighted work.  <u>Unicolors, Inc.,</u> 853 F.3d at 984-85.

Here, there is direct evidence of copying.  Defendant has admitted that it displayed Plaintiff's copyrighted Images on its commercial Facebook and Pinterest pages.  (Def.'s Admission at p. 3, attached as Ex. F to Pla.'s CSF, ECF No. 64-8).

There is no dispute that Plaintiff did not authorize Defendant to display his copyrighted images publicly.

Defendant relies on the argument that it used outside vendors to manage its commercial Facebook and Pinterest pages and that it did not have knowledge that the copyrighted Images were being used on its pages without authorization.  (Fuentes Decl. at ¶ 7, ECF No. 79-5).

Defendant's argument is misplaced.  A defendant's knowledge or intent is irrelevant to their liability for copyright infringement.  <u>Microsoft Corp. v. Buy More, Inc.,</u> 136 F.Supp.3d 1148, 1155 (C.D. Cal. 2015).  The record is undisputed that the Defendant used Plaintiff's copyrighted Images on its commercial web pages without authorization.

### 1.    Unauthorized Copying Of The <u>7 Pools Image</u>

Defendant Hawaiian Springs, LLC raises no defense to its liability for copyright infringement as to its use of the 7 Pools Image.

Plaintiff's Motion for Partial Summary Judgment as to Defendant's liability for copyright infringement regarding its use of the 7 Pools Image is **GRANTED.**

## 2. Unauthorized Copying Of The <u>Akaka Falls Image</u>

Defendant claims that it is not subject to liability for copyright infringement regarding the Akaka Falls Image based on the exception of "fair use."

Pursuant to 17 U.S.C. § 107, the fair use of a copyrighted work for purposes such as criticism, comment, news, reporting, teaching, scholarship, or research, is not an infringement of copyright.

The fair use exception permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster. <u>Kelly v. Arriba Soft Corp.</u>, 336 F.3d 811, 817 (9th Cir. 2003).

Defendant argues that the fair use exception should apply to its posting of Plaintiff's Akaka Falls Image on its commercial Pinterest page. Defendant provided a Declaration from Brea Aamoth in support of its position. Ms. Aamoth states that she used Plaintiff's Akaka Falls Image for a homework assignment in college where she created a mock advertisement for Hawaiian Springs' bottled water. (Declaration of Brea Aamoth at ¶ 3, ECF No. 79-3). Ms. Aamoth states that she posted her mock advertisement to her personal Pinterest page. (<u>Id.</u>)

18

Margaret Fuentes, the former Marketing Director for Defendant Hawaiian Springs, LLC, saw Ms. Aamoth's mock advertisement on Pinterest. (Fuentes Decl. at ¶ 8, ECF No. 79-5). Ms. Fuentes "re-pinned the image to Hawaiian Springs' Pinterest page." (Id.) She claims that she did not know that the mock advertisement, advertising her own company's products, used the Plaintiff's copyrighted Akaka Falls Image without his permission. (Id. at ¶ 9).

Ms. Aamoth's purported fair use of the Plaintiff's Image for her college coursework is irrelevant to the fair use analysis as to Defendant Hawaiian Springs, LLC.

The record is undisputed that Plaintiff's copyrighted Image was used exclusively for commercial purposes by Defendant Hawaiian Springs, LLC. Defendant's Marketing Director posted the Image as an advertisement on its own Pinterest page.

Defendant relies principally on the United States Supreme Court's decision in Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 584 (1994) to argue that commercial use in and of itself does not prevent the defense of fair use. In Campbell, 2 Live Crew used the lyrics from Roy Orbison's ballad "Oh, Pretty Woman" to create their own rap song parodying the original. The Supreme Court explained that the commercial character of the song, by itself, did not create a presumption against fair use. Id. The Supreme Court held that the Court must consider all four statutory factors together in light of copyright's purpose of promoting science and the arts. Id. at 577-78.

Courts must consider the following four factors in the fair use analysis:

(1)  the purpose and character of the use;

(2)  the nature of the copyrighted work;

(3)  the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4)  the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

None of the four factors support Defendant's fair use defense.

<u>First</u>, the Image was not used by Defendant Hawaiian Springs, LLC for scholarship, criticism, or another particular fair use purpose.  17 U.S.C. § 107.

<u>Second</u>, the Image was not used by Defendant for scientific or artistic purposes.  The use was for Defendant's own commercial advertising on Pinterest.

<u>Third</u>, the use included Plaintiff's entire Image with text and advertising materials on top of the Image.

<u>Fourth</u>, Defendant did not set forth any evidence concerning the effect on Plaintiff's market of his work to support its fair use defense.

Defendant's use of Plaintiff's entire Image for an exclusively commercial purpose of advertising its products on Pinterest is not subject to the fair use exception.  <u>Campbell</u>, 510 U.S. at 584; <u>Monge</u>, 688 F.3d at 1176.

Plaintiff's Motion for Partial Summary Judgment as to
Defendant's liability for copyright infringement regarding its
use of the Akaka Falls Image is **GRANTED**.

### 3.    Unauthorized Copying Of The <u>Waimea Canyon Image</u>

Defendant raises no defense to its liability for copyright
infringement as to its use of the Waimea Canyon Image.

Plaintiff's Motion for Partial Summary Judgment as to
Defendant's liability for copyright infringement regarding its
use of the Waimea Canyon Image is **GRANTED**.

Defendant does raise a defense to Plaintiff's claim for
willful infringement regarding the use of the Waimea Canyon
Image.

The Court addresses Plaintiff's willful infringement claim
in Section II below.

## II.  <u>Willful Infringement As To The Waimea Canyon Image</u>

In copyright infringement cases, the copyright owner may
elect to recover statutory damages instead of actual damages and
profits "in a sum of not less than $750 or more than $30,000 as
the court considers just."  17 U.S.C. § 504(c)(1).

In the case of willful infringement, however, the Court may
increase the award of statutory damages to $150,000.  To prove a
defendant's willfulness, the Copyright Act requires the plaintiff
to demonstrate:

> (1) the defendant was actually aware of the infringing activity; or

> (2) the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to the copyright holder's rights.

Louis Vuitton Malletier, S.A. v. Aranoc Sols., Inc., 658 F.3d 936, 944 (9th Cir. 2011).  Willful infringement can be either intentional or reckless.  Id.

The Ninth Circuit Court of Appeals has explained that a determination of willfulness requires an assessment of a defendant's state of mind.  Friedman v. Live Nation Merchandise, Inc., 833 F.3d 1180, 1186 (9th Cir. 2016).  Questions involving a defendant's state of mind are generally factual issues that are inappropriate for resolution by summary judgment.  Id. (citing F.T.C. v. Network Servs. Depot, Inc., 617 F.3d 1127, 1139 (9th Cir. 2010).

Here, there are disputes of fact as to the willfulness of the infringement by Defendant Hawaiian Springs, LLC.  Defendant has put forward a Declaration by its former Marketing Director disputing that she either intended infringement or was reckless in infringing on Plaintiff's copyrighted works.  (Fuentes Decl. at ¶¶ 8-9, ECF No. 79-5).  Defendant also put forward an Affidavit from its Chief Executive Officer Tamiko Broms stating, "I have no personal information regarding if, how or when the images described in the [First Amended Complaint] were posted to Hawaiian Springs' social media accounts or removed from Hawaiian

Springs' social media accounts."  (Affidavit of Tamiko Broms ("Broms Aff.") at ¶ 9, ECF No. 79-4).

Defendant also submitted an expert report and a Declaration Michael McMurdo, President and Lead Investigator of Cetra Technology.  (McMurdo Expert Report, attached as Ex. B to Def.'s CSF, ECF No. 79-7; Declaration of Michael McMurdo, ECF No. 79-2). Mr. McMurdo states in his report that it is his opinion that Defendant Hawaiian Springs, LLC did not acquire Plaintiff's copyrighted Images directly from Plaintiff's website, but he opines that the Images were "more likely obtained through a third party site such as a free wallpaper site."  (McMurdo Expert Report at p. 4, attached as Ex. B to Def.'s CSF, ECF No. 79-7).

The factual issues identified prevent the Court from granting summary judgment on the issue of willful infringement. Friedman, 833 F.3d at 1186.

Plaintiff's Motion for Partial Summary Judgment as to its claim for willful infringement regarding the Waimea Canyon Image is **DENIED**.

## CONCLUSION

Plaintiff's Motion for Partial Summary Judgment Against Defendant Hawaiian Springs, LLC (ECF No. 63) is **GRANTED, IN PART, AND DENIED, IN PART**.

Plaintiff's Motion as to Defendant's liability for copyright infringement regarding its unauthorized use of the (1) 7 Pools

Image; (2) the Akaka Falls Image; and (3) the Waimea Canyon Image is **GRANTED**.

Plaintiff's Motion as to its claim for willful infringement regarding Defendant's use of the Waimea Canyon Image is **DENIED**.

IT IS SO ORDERED.

DATED:   July 3, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge